49  339
109   76

THE PEOPLE v. AMOS BROUGHTON.

*Adultery—Identification—Marriage certificate—Proof of divorce—Impeachment of witness.*

In a prosecution for adultery with a married woman the recorded marriage certificate is admissible to aid in proving the marriage though it may be insufficient without some identification of the parties. But where the husband's testimony and the certificate together identify them, and the defendant admits the fact, an objection to the admission of the certificate becomes unimportant.

In proving a divorce, in a prosecution for adultery, the entire chancery record may be introduced if its legal result is all that is made known to the jury. The fact of the decree and its validity is for the court alone and to be determined from the record.

In a prosecution for adultery with a married woman testimony was given to show that respondent had told some one that he intended to have the woman's husband arrested for adultery. Respondent denied this, and witnesses were allowed to contradict him for the purpose of impeaching him. *Held* that the fact, if it was one, had no bearing on the case and was prejudicial to respondent.

Error to Osceola.   Submitted Oct. 19.   Decided Oct. 20.

INFORMATION for adultery.   Respondent was convicted. Reversed.

Prosecuting Attorney *Ransom Cooper* and Attorney General *Jacob J. Van Riper* for the People.

*C. C. Howell* for respondent.   In a prosecution for adultery actual marriage must be proved: *Hutchins v. Kimmell* 31 Mich. 130 ; and admissions are not enough : *People v. Lambert* 5 Mich. 364.

CAMPBELL, J.   The respondent was convicted of adultery with one Adele A. Teeple, wife of Isaac J. Teeple. Proof of the marriage was made out by the husband's oath and by a recorded marriage certificate.   As the two together identified the parties and there was an admission in open court of the fact by defendant, we see no special import-

ance in the objection . raised to the certificate, which was admissible, although possibly not sufficient by itself in a criminal case without some identification of parties.

Neither do we think it was improper to prove a divorce by the introduction of the entire chancery record, provided no more of it is made known to the jury than its legal result. It appears not to have been read so as to inform them beyond this. The question of the granting and validity of the decree is to be determined by the court from the record, and the jury have nothing to do with it.

Testimony was introduced for the purpose of showing that respondent had told some one that he intended to have Teeple arrested for adultery. On this matter respondent denied the conversation, and witnesses were allowed to contradict him for the purpose of impeaching him.

This fact, if it were a fact, had no possible bearing on the case, and it is easy to see that it probably worked prejudice to respondent.

We make no comments on the charge, as we have no means of knowing the state of the proofs, or of determining whether it was injuriously erroneous in any matter complained of.

Judgment must be reversed and the prisoner remanded to the county of Osceola and let to bail if he so desires, and a new trial must be had if deemed desirable.

The other Justices concurred.