PEOPLE v. HUNTER.

1. CRIMINAL LAW—ASSAULT WITH INTENT TO RAPE—EVIDENCE—ADMISSIBILITY—OTHER OFFENSES.
    In a prosecution for assault with intent to commit rape, testimony that on the day of the commission of the offense charged defendant attempted to fuss with or take advantage of a young girl, *held*, inadmissible.

2. SAME—TRIAL—CONDUCT OF PROSECUTOR.
    The action of the prosecutor in asking a witness, after she had testified that she knew defendant and that he had dinner at her home on the day in question, whether anything occurred that day with reference to her daughter, *held*, reversible error, although the question was not answered, since the question was well calculated to, and probably did, prejudice the defendant in the minds of the jury.

3. SAME—ARGUMENT OF PROSECUTOR—FAILURE TO CALL WITNESS SUBJECT TO COMMENT.
    Where defendant had testified to being with certain per-

sons on the day in question, comment by the prosecutor, in his argument to the jury, on defendant's failure to produce said persons as witnesses to corroborate his story, *held*, not error.

4. SAME.

The provisions of the statute (3 Comp. Laws 1915, § 12552) protecting defendant from comment or criticism for not taking the witness stand in his own behalf is not extended to other witnesses who may know facts which would be helpful to defendant in making his defense, and his failure to produce them, if competent and within reach, is properly the subject of comment by the prosecutor.

Exceptions before judgment from Muskegon; Vanderwerp (John), J. Submitted April 14, 1922. (Docket No. 127.) Decided June 5, 1922.

Sanford Hunter was convicted of an assault with intent to commit rape. Reversed.

*Willard J. Turner*, for appellant.

*Merlin Wiley*, Attorney General, *Harry W. Jackson*, Prosecuting Attorney, and *R. Glen Dunn*, Assistant Prosecuting Attorney, for the people.

BIRD, J. Defendant was tried and convicted of the offense of assault with intent to commit rape on one Margaret Johnson, a young married woman, living in the township of Moorland, Muskegon county. The complaining witness testified that defendant called at her house and found her husband away from home. They talked at the door a moment, when defendant asked to see her young baby. He went in, grabbed her and tried to kiss her, and later to have intercourse with her. Defendant concedes he was at the house and that he made some advances which, as he thought, were apparently well received, but he insists that, when she objected to his going farther, he desisted.

1. Mrs. Sarah Ardeline was sworn as a witness for the people. After testifying that she knew defendant and that he had dinner at her home on the day in question, the prosecutor asked her the following question:

"*Q.* Was there anything occurred there at your house that day with reference to this daughter of yours?

"*Mr. Turner:* Now, wait a minute.

"*A.* I am not on Mr. Johnson's trial.

"*Q.* I object to this as improper.

"*Mr. Jackson:* If the court please, we are handicapped with the jury present."

Whereupon the court excused the jury and the matter was discussed by counsel. The jury was then called back and the witness excused, and no comment was made by the court. It is urged that this was error, even though the question was left unanswered. We are inclined to agree with this contention. Keeping in mind that defendant was on trial for attempted rape the question was a live wire which went directly to defendant's proneness in such affairs. The question was well calculated to, and probably did, leave in the minds of the jurors the impression that the prosecutor had knowledge that defendant had made an effort on the same day to fuss with or take advantage of her young daughter. Even though there were some basis for believing that defendant had done so, the fact was not admissible to show the guilt of defendant under the charge on which he was being tried. It was an attempt to make evidence of a distinct and similar offense. It is true, the question was not answered, but it was one of those questions which, coming from a public prosecutor, had its weight, and would ordinarily leave a strong impression upon a jury. The question was improper, inadmissible and harmful to defendant.

2. The following portion of the prosecutor's argument is complained of as error:

"If this man's story is true, let me ask you where is this man, Lane? He lives in that county; he lives out there by Ravenna. He told you where he lived. He told you about the times that Lane went with him. Where is he?

"*Mr. Turner:* I desire to take an exception to this line of argument as being improper.

"*The Court:* The exception will be noted.

"*Mr. Jackson:* Where is the man that was with him that day? He could have brought him in here to corroborate him. He tells you all about him. Where is he? Where is Doc Willette?

"*Mr. Turner:* I desire, if the court please, to take an exception to that line of argument, it has nothing to do with this case whatever.

"*The Court:* All right.

"*Mr. Jackson:* Could they put a dollar mark on your wife's honor? Could they? Could anybody stamp an 'S' with two big, long lines through it, on your wife's honor, or on your honor? I will say they couldn't. I've got a picture of what this man here, who made that same argument here, would do if the same thing happened in his home, or in his daughter's home, or in any one of his three children's home.

"*Mr. Turner:* I take an exception to that argument as not proper argument, it has been passed upon by the Supreme Court.

"*The Court:* Proceed."

The first complaint is that it was error to criticize defendant for not producing Lane and Dr. Willette. I am not impressed that this was error. A question akin to this was discussed in *People* v. *Schultz*, 210 Mich. 297. The argument of the prosecutor was held error in that case, but I think it must be said to have been on the ground that the witnesses referred to were jointly indicted with defendant, although they were not being tried with him. The statute, 3 Comp. Laws 1915, § 12552, protects the defendant from comment or criticism for not taking the witness stand, but the

protection is not extended to witnesses. If a witness knows facts which will be helpful to defendant in making his defense, and he is competent and within the reach of defendant, his failure to produce him ought properly to be a subject of comment by the prosecutor. 12 Cyc. p. 578.

The other complaint is directed against the argument of the prosecutor, placing the wives or daughters of the jury in place of the complaining witness, etc. We think this line of argument was considered and condemned in *People* v. *Eamaus,* 207 Mich. 442.

For the errors noted the judgment must be reversed and a new trial ordered.

WIEST, MCDONALD, CLARK, and STEERE, JJ., concurred.

FELLOWS, C. J., and SHARPE and MOORE, JJ., concurred in the result.