PEOPLE v. RANDALL.

1. CRIMINAL LAW—NEGLIGENT HOMICIDE—EVIDENCE—SCOPE OF INFORMATION—RES GESTAE.

In prosecution of motorist under negligent homicide statute in which death of one pedestrian only was charged, reception of

inadvertent answer of morgue employee that he picked up the bodies of the pedestrian and his wife and denial of motion for mistrial *held,* not to constitute reversible error since such testimony was admissible as a part of the *res gestae* (Act No. 328, § 324, Pub. Acts 1931).

2. SAME—NEGLIGENT HOMICIDE—INTOXICATING LIQUORS—COMPETENCY OF EVIDENCE—INFÓRMATION.

Testimony of police officer who came to scene of fatal accident that defendant motorist had been drinking as there was the odor of liquor on his breath was competent and material in prosecution for negligent homicide notwithstanding information did not indicate defendant was under the influence of intoxicating liquor at the time of the accident (Act No. 328, § 324, Pub. Acts 1931).

3. SAME—ATTEMPT TO PROCURE FALSE TESTIMONY—REBUTTAL—COMPETENT EVIDENCE.

In prosecution for negligent homicide in which, after defendant had rested his case, court permitted prosecution to indorse names of two witnesses on information who were not produced by people as original witnesses and who testified that defendant had sought to have them testify falsely in his behalf, such testimony was competent notwithstanding that collateral matter of another crime was involved, since it is always competent to show a defendant's complicity in obtaining or attempting to obtain false testimony to be used in his defense although he did not use it.

Appeal from Recorder's Court for the City of Detroit, Traffic and Ordinance Division; Murphy (George T.), J. Submitted June 13, 1940. (Docket No. 90, Calendar No. 40,807.) Decided September 6, 1940.

Burleigh W. Randall was convicted of negligent homicide. Affirmed.

*Edward N. Barnard,* for appellant.

*Thomas Read,* Attorney General, *Duncan C. McCrea,* Prosecuting Attorney, and *William L. Brunner,* Assistant Prosecuting Attorney, for the people.

Bushnell, C. J.   Defendant was found guilty by a jury of violation of the negligent homicide statute, Michigan penal code, Act No. 328, § 324, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–324, Stat. Ann. § 28.556).   The people charge that on June 18, 1938, at about 2:30 a.m., defendant ran into and killed one Charles Covert at the intersection of Piedmont street and Warren avenue in the city of Detroit.   The information does not contain any language indicating that defendant was under the influence of intoxicating liquor at the time of the accident, nor does the information refer to the negligent killing at the same time of the wife of Covert. The errors complained of are the admissions over defendant's objections of testimony outside the scope of the information and rebuttal testimony by persons who were not produced by the people as original witnesses.

The people called an employee of the Wayne county morgue, who testified that he reached the scene of the accident about 3:40 in the morning.   In answer to the question, "And did you pick up the body of Charles Covert there?" he answered, "I picked up the body of Charles Covert and, I understand, of Mrs. Covert."   After objection by defendant, the jury was excused and a motion for mistrial was made and later denied.   The reception of the inadvertent testimony and the denial of motion for mistrial do not constitute reversible error.   As was said in *People* v. *Foley,* 64 Mich. 148, 157:

"In this case it was impossible, as appears by the record, to give the circumstances surrounding and connected with the death of Edward except with those connected with the death of the other child. * * *

"Any facts tending to prove the main facts, and cotemporaneous to and connected with them, are admissible, as a general rule."

See authorities therein cited at page 158.

The testimony was admissible as a part of the *res gestae. People* v. *Ballard,* 204 Mich. 58.

A police officer, who was off duty, happened to be in the vicinity of the accident at the time and heard a crash when he was driving his car west on Warren three or four blocks away. He went immediately to the scene, talked with the defendant, and questioned him about his collision with another car after he had struck the pedestrians. The officer was asked, "Had he been drinking?" and answered, "He had." Defendant again moved for a mistrial. The motion was denied, after which the officer testified that he smelled the odor of liquor on defendant's breath.

Defendant contends that the court erred in permitting the testimony regarding liquor, but we do not so hold. In *People* v. *Gibson,* 253 Mich. 476, defendant was convicted of negligent homicide under an information including a charge that he was "under the influence of intoxicating liquor" at the time of the homicide. Testimony regarding intoxication was held competent and material. In *People* v. *DeWitt,* 233 Mich. 222, where defendant was prosecuted for negligent homicide, it was claimed that the information was bad, for duplicity, in averring defendant's intoxication. The court answered this claim as follows:

"We find no merit in this. It was unnecessary to charge intoxication for, without such a charge, the fact could be shown at the trial."

Defendant took the stand and testified in his own behalf. On direct examination, he stated that at least 20 persons a day came to his place of business and offered to testify in his behalf, claiming they saw the accident, but that he knew there was only one eyewitness and he could not locate him, so he put an ad in the paper, which was answered by

defendant's chief witness, Hulack. On cross-examination, defendant was asked if he knew a man by the name of Kett, and he said he might know him if he saw him, but not by that name. The prosecutor asked Kett to stand up and defendant then admitted that Kett had been employed by him. He stated that Kett offered to testify in his behalf, saying he would be a good witness. Defendant was then questioned over objections of his counsel as to why he had not called Kett as a witness, and denied that he had offered Kett $50 to testify in his behalf. Similar inquiry was made regarding a claimed eye-witness by the name of Wasilevitch. After defendant had rested his case, the people asked the court's permission to indorse on the information and call as rebuttal witnesses Kett and Wasilevitch. The court granted plaintiff's motion. Wasilevitch testified that he did not see the accident, had only known defendant a few days, but that he was asked to testify that the man and woman who were killed were drunk on the night of the accident. Kett testified that he had at one time been employed by the defendant and that he had been approached by him and offered money to testify. Defendant claims that the court erred in permitting this rebuttal testimony over his objection in that the collateral matter of another crime was involved, relying upon *People v. Broughton,* 49 Mich. 339, and *Shannon v. Township of Jamestown,* 251 Mich. 597.

The applicable rule is stated in *People v. Salsbury,* 134 Mich. 537, and *People v. Adams,* 162 Mich. 371, 385. In the latter case the court said:

"It is always competent to show a defendant's complicity in obtaining or attempting to obtain false testimony to be used in his defense, and the fact that he does not use it is unimportant."

There being no reversible error, the conviction is affirmed.

SHARPE, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.