PEOPLE *v.* RUSSELL.

1. CRIMINAL LAW—MOTION TO QUASH—QUESTIONS REVIEWABLE—
   RIGHT TO HOLD OFFICE—QUO WARRANTO.

   The question of whether or not complaints against alleged traffic
   ordinance violators had been duly authenticated in that ap-
   pointment of deputy clerk who had performed such act was
   void, may not be tested by motion to quash in the pending
   criminal proceeding; such action being within the province
   of an information in the nature of *quo warranto.*

2. SAME—OFFICERS—DE FACTO—DE JURE.

   The business of the criminal courts is too important to permit
   pause and stoppage of their functions for consideration of
   question of whether or not an official performing the functions
   thereof under color of authority renders such performance *de
   facto* or *de jure.*

3. SAME—MOTION TO QUASH—AUTHENTICATION OF COMPLAINT—
   DEPUTY CLERK—COLOR OF AUTHORITY.

   A motion to quash complaints on the ground that the appoint-
   ment of the deputy clerk who had authenticated them under
   color of authority so to do was void is out of order as such
   question may not be raised in a criminal proceeding.

4. COURTS—TESTING OF RIGHT TO OFFICE.

   The right to an office in a court must be tested in a direct pro-
   ceeding.

5. JUDGES—DE FACTO OFFICER—STATUTES.

   The acts of a judicial officer will be upheld as the acts of a
   *de facto* officer even though the law creating the judicial office
   in which he functions be declared void.

6. COSTS—AUTHORITY OF DEPUTY COURT CLERK TO AUTHENTICATE
   COMPLAINT FOR VIOLATION OF ORDINANCE.

   No costs are allowed on appeal from denial of a motion to quash
   complaints for claimed lack of authority in deputy court clerk
   to authenticate such complaints.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 44 Am Jur, Quo Warranto § 22 *et seq.*
[2] 43 Am Jur, Public Officers § 470 *et seq.*
[4] 42 Am Jur, Public Officers § 143 *et seq.*

Appeal from Recorder's Court for the City of Detroit, Traffic and Ordinance Division; Watts (John D.), J. Submitted October 11, 1956. (Docket No. 74, Calendar No. 46,575). Decided December 6, 1956.

Summons for traffic violations were issued to Coley Russell, Dominic Salvatore Polito, Stanley Wilfrid McKendry and George James Slossar. Motion to quash complaints denied. Cases consolidated for appeal by defendants. Affirmed.

*Thomas M. Kavanagh,* Attorney General, *Irving B. Beattie,* Assistant Attorney General, *Paul T. Dwyer,* Corporation Counsel, *Nathaniel H. Goldstick* and *Lawrence E. Eaton,* Assistants Corporation Counsel, for plaintiff.

*Alan P. Goldstein,* for defendants.

BLACK, J. April 6, 1955 Patrolman Austin Simpson of the Detroit police department issued traffic violation tickets to each of the respective defendants for the following alleged violations of an ordinance of the city of Detroit:

As to defendant Russell—failure to yield right-of-way to pedestrian lawfully on crosswalk.

As to defendant Polito—unlawfully driving through red light;

As to defendant McKendry—unlawfully turning left through red light; and,

As to defendant Slossar—driving straight through a right-turn-only signal.

April 7, 1955, due complaint against each defendant was made on oath before Benjamin Busick, a deputy clerk of the recorder's court of Detroit, traffic and ordinance division. A summons in each instance was duly issued and served. Each of the defendants

stood mute on arraignment April 14, 1955, before the traffic and ordinance division of such court. April 21, 1955, motion to quash all 4 complaints was made on assigned ground that "The appointment of Benjamin Busick as deputy clerk was void, his actions in that capacity were also void, and, therefore, the complaints had not been properly authenticated." The motion to quash was immediately denied. June 15, 1955, we granted—improvidently it turns out—leave to appeal from the order denying such motion to quash.

By agreed statement of facts it appears that Busick was and is a full time sergeant of the Detroit police department; that the only duty he performs as such deputy clerk is that of administration of oaths to patrolmen of the third precinct of Detroit attesting traffic complaints; that he continuously wears the uniform of the Detroit police department; that he receives his pay exclusively from the Detroit police department, and that he considers himself a full-time policeman.

On such facts appellants contend (a) that "Judges of the recorder's court, traffic and ordinance division, have the authority to appoint only 1 chief deputy clerk and 1 or more referees, but do not have the authority to appoint other deputy clerks," and (b) that Busick's appointment was made in violation of PA 1919, No 369, as amended (CL 1948, § 725.1 *et seq.* [Stat Ann and Stat Ann 1955 Cum Supp § 27.3941 *et seq.*]), in that the funds used to pay Busick as such deputy clerk "were not appropriated for such purpose by the common council of the city of Detroit." They allege, finally, constitutional invalidity of Busick's appointment and tenure as such deputy clerk, citing the "separation of powers" mandate of article 4 of the Constitution (1908).

We hold that information in the nature of *quo warranto*—not motion to quash in pending criminal

proceedings—is the right and correct way to test the questions attemptedly brought here and decline on that ground to determine whether Mr. Busick holds of right the office of deputy clerk he in fact occupies under color of authority. The business of the criminal courts is too important to permit pause and stoppage of their functions for consideration of questions of such nature and we confirm as applied to Mr. Busick and the office he holds—whether it be *de facto* or *de jure*—what was said in *People* v. *Townsend,* 214 Mich 267, 270, 271 (16 ALR 902), followed in *People* v. *Buckley,* 302 Mich 12, 23, 24, as follows:

"When arraigned in the circuit court defendant stood mute and when brought to trial moved to quash the information on the ground that the warrant for his arrest was issued by and his examination held before and he was bound over for trial by one without the jurisdiction of an examining magistrate. The examination complained of was held before the municipal justice of the city of Kalamazoo. We are not inclined to stop and examine the question of whether such magistrate had authority to hold the office he in fact occupied and to which he had color of authority, but content ourselves with applying the rule that if the magistrate was a *de facto* officer his act in this public matter cannot be attacked in this proceeding nor his title to the office be here passed upon. Upon the high ground of public policy and to prevent a failure of public justice we follow the salutary rule that while one is in public office, exercising the authority thereof under color of law, we cannot, except in a direct proceeding to test his right to the office, pass upon the question here raised, and besides it would avail defendant nothing because there is no difference between the acts of *de facto* and *de jure* officers, so far as the public interests are concerned. The point is ruled adversely to defendant in *Gildemeister* v. *Lindsay,* 212 Mich 299;

*People* v. *Kongeal,* 212 Mich 307; *Auditors of Wayne County* v. *Benoit,* 20 Mich 176 (4 Am Rep 382). Even though the law creating a judicial office be declared void the acts of an official thereunder will be upheld as the acts of a *de facto* officer. *Attorney General, ex rel. Dingeman,* v. *Lacy,* 180 Mich 329."

The motion to quash was and is out of order. Its denial is affirmed. No costs.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, KELLY, and CARR, JJ., concurred.

BOYLES, J., took no part in the decision of this case.