PEOPLE v FULLER

1. HOMICIDE—MURDER—EVIDENCE—INFERENCES.

A jury could reasonably infer that the defendant was a party to the offense of aiding and abetting in the commission of murder where he was shown to have come to the scene in the company of the principal, stood at a gate near the alley behind the house while the principal lit and threw a Molotov cocktail, looked up and down the alley more than once, and ran from the scene with the principal.

2. CRIMINAL LAW—ALIBI—WITNESSES—PROSECUTOR'S COMMENTS—INFERENCE OF GUILT.

The prosecutor's comment on the defendant's failure to produce additional alibi witnesses was not an impermissible inference of guilt where the defense was alibi, one alibi witness produced named others who were present when defendant was allegedly in the presence of the alibi witness, the defendant failed to show that the alibi witnesses named were unavailable, and failed to object to the comment during the trial.

3. CRIMINAL LAW—EVIDENCE—PREJUDICE.

The prosecutor has a right to prove by competent testimony the facts material to the people's case and counsel for the defendant may not preclude the exercise of such right; accordingly defendant's claim of error in permitting prejudicial and unnecessary evidence to be heard by the jury because the prosecutor refused to stipulate to the facts is without basis.

4. CRIMINAL LAW—TRIAL—WITNESSES—CREDIBILITY—JUVENILE RECORD.

Due process rights of the defendant were not violated by the prosecutor's failure to disclose the juvenile record of a witness crucial to the prosecution where defense counsel made no request for the juvenile record and the trial record does not

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 10.
[2] 53 Am Jur, Trial §§ 485, 486.
[3] 29 Am Jur 2d, Evidence § 253.
[4] 53 Am Jur, Trial §§ 679, 736.

disclose that the prosecutor possessed, controlled, or knew of the past juvenile record, and where defense counsel could have disclosed such record by further inquiry in his cross-examination of the witness.

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 December 11, 1972, at Detroit. (Docket No. 11308.) Decided January 16, 1973. Leave to appeal applied for.

Cornell Fuller was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard . A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*David A. Goldstein,* Assistant State Appellate Defender, for defendant.

Before: Quinn, P. J., and V. J. Brennan and O'Hara,* JJ.

Quinn, P. J. A jury convicted defendant of first-degree murder, MCLA 750.316; MSA 28.548, and he was sentenced. His application for delayed appeal was granted.

On May 18, 1970, a residential fire occurred at 1554 Lemay in Detroit which claimed the lives of two young girls. A cause of the fire was a Molotov cocktail thrown at the residence by one Meadows. The prosecution claimed that defendant aided and abetted Meadows by acting as a lookout while the latter threw the Molotov cocktail. Other facts will

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

be noted in the discussion of the issues raised on appeal.

The first issue is a weight of the evidence question. Our inquiry is, was evidence produced which, if believed, could certainly lead to a reasonable inference that defendant was a party to the offense?, *People v Ford,* 19 Mich App 519 (1969). There was evidence that defendant came to the scene with Meadows and others; that defendant stood at a gate near the alley behind the house while Meadows lit and threw the Molotov cocktail; that during this time, defendant looked up and down the alley more than once; and that defendant ran from the scene with Meadows. From these facts a jury could reasonably infer that defendant was a party to the offense.

During final argument, the prosecuting attorney commented on the failure of defendant to produce additional alibi witnesses. Defendant now claims that this constitutes an impermissible inference of guilt. No objection to the comment was made at trial. The defense was alibi and the one alibi witness produced named others who were present when defendant was allegedly in the presence of the alibi witness. It was not shown that the others were unavailable. That the comment complained of was proper see *People v Falkner,* 36 Mich App 101 (1971).

We find no merit in defendant's contentions that the trial court affirmatively mislead the jury with respect to sentence and that sentence constituted cruel and unusual punishment.

At trial, defendant offered to stipulate that a burning took place and that two deaths occurred as a result thereof. The prosecuting attorney declined the offer and put in his proof of these facts. Defendant asserts error because he claims the

prosecuting attorney's refusal permitted prejudicial and unnecessary evidence to be heard by the jury. The refusal to accept the offer cannot be the basis of error, however. As stated in *People v MacPherson,* 323 Mich 438 (1949):

"Furthermore, the prosecutor had the right to prove by competent testimony the facts material to the people's case. Counsel for defendant could not preclude the exercise of such right by undertaking to make an admission on behalf of his client."

The testimony of witness Coleman was crucial to the prosecution. It is apparent from the record that Coleman had a juvenile record, in addition to his current record of being in the youth home for running away from home. Defendant concedes that no request for this record was made to the prosecuting attorney. The record does not disclose that the prosecuting attorney had Coleman's past juvenile record or that the prosecuting attorney knew of this record. Defendant now contends that his due process rights were violated because the prosecuting attorney failed to disclose a record it is not shown the prosecuting attorney had or knew about. If the trial record disclosed that the prosecuting attorney had, controlled, or knew of Coleman's past juvenile record, we would reverse, *People v Nettles,* 41 Mich App 215 (1972). Absent a showing that the prosecuting attorney possessed, controlled, or knew of the past juvenile record or that defendant requested its production no violation of his rights is shown.

In addition, on cross-examination of Coleman, defense counsel voluntarily stopped the cross-examination after Coleman had acknowledged that his current residence was the youth home and that he was there as a runaway. Further inquiry could well have disclosed the prior juvenile record.

During Coleman's testimony, he gave the unresponsive conclusion that Fuller was "watching out for Zerious [Meadows]". No objection was made to this conclusionary statement. The issue was not preserved for appeal.

Affirmed.

All concurred.