PEOPLE v VAN DORSTEN

Docket No. 77-1930. Submitted January 5, 1979, at Grand Rapids.—
Decided August 22, 1979. Leave to appeal applied for.

Charles Van Dorsten was convicted of delivery of heroin and of
being a second felony offender, Calhoun Circuit Court, Stanley
Everett, J. Defendant appeals, alleging several errors. *Held:*

1. The trial judge did not abuse his discretion by ruling that
evidence of certain prior convictions of the defendant could be
admitted for impeachment purposes if the defendant chose to
take the witness stand.

2. Denial of the defendant's motion for a new trial on the
basis of newly discovered evidence was not an abuse of discre-
tion where the new evidence was not likely to have produced a
different result at a new trial.

3. The trial court properly determined that certain evidence
sought to be introduced by the defendant was irrelevant.

4. The issue of an accomplice's testimony was not so tightly
drawn as to require the trial court to give *sua sponte* a
cautionary instruction regarding accomplice testimony.

5. No reversible error was created by asking a witness
whether he had previously dealt with the defendant where,
before the question was answered, an objection by the defense
was sustained and a cautionary instruction was given to the
jury.

6. Failure to object to an allegedly prejudicial statement by
the prosecutor precludes appellate review of the issue of the

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur 2d, New Trial § 164 *et seq.*
[2] 29 Am Jur 2d, Evidence § 251.
[3] 75 Am Jur 2d, Trial § 818.
  Necessity of, and prejudicial effect of omitting, cautionary instruc-
  tions to jury as to accomplice's testimony against defendant in
  criminal trial. 17 ALR Fed 249.
[4] 5 Am Jur 2d, Appeal and Error § 624 *et seq.*
[5] 5 Am Jur 2d, Appeal and Error § 808. 81 Am Jur 2d, Witnesses
  § 435.
[6] 75 Am Jur 2d, Trial §§ 1025, 1027.
[7] 65 Am Jur 2d, Quo Warranto § 18 *et seq.*

propriety of the statement where the prejudicial effect of the statement is not so great that it could not have been cured by a cautionary instruction.

7. A witness's inadvertent and unexpected answer, referring to the defendant's sentence for a previous crime, does not require reversal where the trial court instructed the jury to disregard the answer.

8. The trial court had the discretion to permit certain papers and documents to be taken into the jury room for consideration by the jury.

9. The defendant may not challenge in this criminal case the assistant prosecutor's authority to sign the arrest warrant. That challenge may be made in a quo warranto proceeding only.

Affirmed.

1. NEW TRIAL — NEWLY DISCOVERED EVIDENCE.

The grant of a new trial on the ground of newly discovered evidence is discretionary with the trial court; a new trial should not be granted unless it is shown that the evidence is newly discovered and not merely cumulative, that the party offering the evidence could not have discovered and produced it at trial with reasonable diligence, and that the use of the evidence would probably render a different result on a retrial of the matter.

2. EVIDENCE — RELEVANCE OF EVIDENCE — JUDGE'S DISCRETION.

The determination of the relevance of evidence is within the discretion of the trial court.

3. EVIDENCE — CRIMINAL LAW — ACCOMPLICE TESTIMONY — INSTRUCTIONS TO JURY.

A trial court should give *sua sponte* a cautionary jury instruction regarding the testimony of an accomplice where the issue of credibility is tightly drawn, such as where the sole evidence linking a defendant to an offense is the testimony of the accomplice and the defendant makes a denial of that accomplice's testimony.

4. CRIMINAL LAW — PROSECUTOR'S STATEMENTS — FAILURE TO OBJECT.

The failure to object at trial to a prosecutor's statement in closing argument precludes appellate review of the issue of the propriety of the statement where the prejudicial effect of the statement was not so great that it could not have been cured by a cautionary instruction to the jury.

5. WITNESSES — UNANTICIPATED ANSWERS.

   A witness's inadvertent and unanticipated answer to a proper question, in which the witness referred to a defendant's sentence for a previous crime and which the trial court instructed the jury to disregard, did not create error requiring reversal of the defendant's conviction.

6. JURY — DOCUMENTS — CONSIDERATION BY JURY — JUDGE'S DISCRETION.

   It is within the discretion of a trial court to permit papers and documents to be taken into the jury room for the consideration of the jury.

7. QUO WARRANTO — PUBLIC OFFICERS — AUTHORITY TO HOLD OFFICE.

   A challenge to test the right of a person to hold and exercise the authority of a public office may be raised only in a quo warranto proceeding.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James Norlander,* Prosecuting Attorney, and *Conrad Sindt,* Senior Assistant Prosecutor, for the people.

*Domnick J. Sorise,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and M. J. KELLY, JJ.

PER CURIAM. Defendant appeals as of right his November 4, 1976, jury conviction for delivery of heroin, contrary to MCL 335.341(1)(a); MSA 18.1070(41)(1)(a), and his January 6, 1977, jury conviction as a second felony offender, contrary to MCL 769.10; MSA 28.1082. He was sentenced on February 4, 1977, to a prison term of not less than 15 years nor more than 30 years. On this date he also moved for a new trial based upon new evidence, but this motion was denied. Defendant now appeals as of right raising numerous issues.

Defendant's primary contention on appeal was

that the trial judge abused his discretion in ruling that evidence of his prior convictions for forgery and indecent liberties would be admissible for impeachment purposes if defendant chose to testify. A review of the record indicates that the trial judge listened to the arguments of both counsel prior to his ruling on this motion. He then determined that evidence of both convictions would be admissible for impeachment purposes, but would be admissible only as evidence of unnamed prior convictions so as to prevent prejudice, and would be the subject of a limiting instruction given to the jury. We are convinced the trial judge adequately recognized that the decision to allow impeachment by evidence of prior convictions was within his discretion, and that he did not abuse this discretion by ruling in favor of the admissibility of the evidence of the prior convictions. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974), *People v Worden,* 91 Mich App 666; 284 NW2d 159 (1979).

Defendant's second contention is that the trial court erred in not granting his motion for new trial. The grant of a new trial on the ground of newly discovered evidence is discretionary with the trial court. *People v Howard,* 78 Mich App 592; 261 NW2d 15 (1977). In order for the defendant to be entitled to a new trial it must be shown that the evidence is newly discovered and not merely cumulative, that the party offering the new evidence could not have discovered and produced it at trial with reasonable diligence, and that its use would probably render a different result on a retrial of the matter. *People v Barbara,* 400 Mich 352, 362; 255 NW2d 171 (1977). After the filing of the motion for a new trial the trial court held an

evidentiary hearing in which it heard the testimony of George Worden, Michael Martin, Randall Duck, Charles Van Dorsten, John Ripple and Karen Van Dorsten. A review of the pertinent parts of their testimonies indicates that Mr. Worden testified that Mr. Ripple told him that he (Ripple) did not know defendant Van Dorsten but would lie about his involvement in the drug transaction. Mr. Martin testified that Ripple told him that he was going to lie about Van Dorsten's involvement in the drug transaction. He indicated that he had relayed this information to Van Dorsten in April of 1976. However, after a noon recess in which he had lunch with Van Dorsten, he modified his testimony to indicate that he had only told Van Dorsten that Ripple had sold his name in April of 1976 and that he had not informed Van Dorsten of the full details of his conversation with Ripple until January, 1977. Mr. Duck then testified that Ripple told him about the drug bust but had never mentioned Van Dorsten's name. Mr. Van Dorsten then took the stand and confirmed that Mr. Worden, Mr. Martin and Mr. Duck had informed him of their conversations with Mr. Ripple. Mr. Ripple then testified that he never told anyone, much less Mr. Worden, Mr. Martin and Mr. Duck, that he intended to testify falsely against Mr. Van Dorsten. He further testified that he had met Mr. Van Dorsten in January of 1975 in Detroit, four months before the drug transaction took place, and that he had once met Mrs. Van Dorsten at her home. Mrs. Van Dorsten then took the stand and testified that Mr. Van Dorsten was home the entire month of January, 1975 recuperating from a gunshot wound and that he had not, to the best of her knowledge, been in Detroit during that time. After hearing this testimony the trial judge denied defendant's motion for

a new trial. In making this determination he found that while Mr. Martin's testimony would have been available to defendant prior to his trial with the exercise of reasonable diligence, neither the testimony of Mr. Worden nor Mr. Duck could have been produced. He also determined that their testimony would not be merely cumulative but ultimately concluded that had it been presented at trial it would not have been highly probable that a different result would have occurred. We agree with the trial court's determination. The only relevancy of this testimony concerned Mr. Ripple's credibility. His credibility had already been attacked by the introduction of evidence of his prior criminal convictions as well as an indication that he was testifying against Mr. Van Dorsten in order to fulfill a plea bargain which was advantageous to himself. Clearly Mr. Ripple's credibility had already been sufficiently impeached to alert the jury of the possibility that he might not be telling the truth in order to prevent further imposition of punishment upon himself. The additional testimony would not have significantly enhanced this prior impeachment, especially since the credibility of these witnesses was also subject to impeachment based upon their prior conviction records. For these reasons, it was not error for the trial court to deny defendant's motion for a new trial.

Defendant's remaining contentions of error are without merit and will be addressed only briefly. Defendant sought to have Mr. Ripple testify and name the individual who gave him defendant's phone number. The trial court held that this question was irrelevant and did not require Ripple to answer. The determination of relevance is within the trial court's discretion. *People v Miller,*

78 Mich App 336; 259 NW2d 877 (1977). In this instance, we agree with the trial court that the name of the individual from whom Ripple got defendant's phone number has no relevance.

The trial court did not *sua sponte* give a cautionary instruction regarding the accomplice testimony of Ripple, but did give a general cautionary instruction concerning the credibility of witnesses. *People v McCoy,* 392 Mich 231; 220 NW2d 456 (1974), held that it was reversible error for a court not to give *sua sponte* a cautionary instruction regarding an accomplice's testimony where the issue was tightly drawn. *People v Gordon Hall,* 77 Mich App 528; 258 NW2d 547 (1977), indicates that the issue is tightly drawn where the sole evidence linking a defendant to an offense is the testimony of the accomplice and defendant makes a total denial of this accomplice's testimony. In this instance there was other evidence linking defendant to the crime, convincing us that the issue is not so tightly drawn as to require a *sua sponte* cautionary instruction.

At trial testimony was received concerning the quality of the heroin which defendant was charged with delivering. This testimony was not objected to, but even if it had been its admission would not constitute reversible error. *People v Castillo,* 82 Mich App 476; 266 NW2d 460 (1978). The prosecutor also asked Ripple whether he had ever done business with defendant in the past. Before his answer was received, defense counsel objected and the trial court sustained this objection. After sustaining this objection the trial court instructed the jury that any other contact between Ripple and the defendant prior to the date of the transaction was not to be considered as relating to innocence or guilt. In view of this cautionary instruction

there was no reversible error created by the asking of the question. See *People v Moss,* 70 Mich App 18, 34; 245 NW2d 389 (1976) (M. J. Kelly, J., concurring).

Defendant contends that the prosecution improperly bolstered the credibility of Ripple in its closing argument by stating that the only way he could get the deal he did was to put his finger on the right man. The prejudicial effect of this statement is not so great that it could not have been cured by cautionary instruction, and defendant's failure to object bars this issue from appellate review. *People v Hernandez,* 80 Mich App 465; 264 NW2d 343 (1978).

Defendant's contentions of error concerning his second felony offender trial are also without merit. Mrs. Goins, the mother of the victim of defendant's indecent liberties conviction, volunteered information concerning defendant's sentence. Her testimony was struck and the trial judge instructed the jury to disregard it. Her statement was an inadvertent and unanticipated answer to a proper question and does not create reversible error. *People v Almond,* 67 Mich App 713; 242 NW2d 498 (1976). Nor was it error for the trial court to deliver the exhibits to the jury in the absence of a request. It is within the discretion of the trial court to permit papers and documents to be taken into the jury room for the consideration of the jury, *People v Benberry,* 24 Mich App 188; 180 NW2d 391 (1970), and the trial court may do this on its own motion. *People v Ciatti,* 17 Mich App 4; 168 NW2d 902 (1969).

Defendant's final contention is that the district court was without jurisdiction over him because he was bound over to the circuit court on the arrest warrant that was signed by a prosecuting attorney

who had not been sworn to his post. There is nothing in the lower court record to indicate that Prosecutor Le Beuf was not sworn in as an assistant prosecuting attorney, and thus the issue is not properly before this Court. Additionally we note that *People v Russell,* 347 Mich 193; 79 NW2d 603 (1956), indicates that challenges to test the right of a person to hold and exercise the authority of a public office may not be raised in a motion to dismiss but only in a quo warranto proceeding. Thus, under this authority, it is clear that defendant may not challenge Prosecutor Le Beuf's authority to sign the arrest warrant in this proceeding.

Affirmed.