PEOPLE v OVEGIAN

Docket No. 47511. Submitted March 10, 1981, at Lansing.—Decided
    May 6, 1981.

    David Ovegian was convicted of conspiracy to commit first-degree
    murder in Oakland Circuit Court, Farrell E. Roberts, J. The
    defendant appeals alleging that (1) he was denied a fair trial as
    a result of the prosecutor's closing argument in which the
    prosecutor improperly commented on the defendant's failure to
    call alibi witnesses, (2) the trial court erred in denying his
    motion *in limine* to exclude evidence of his recent conviction as
    an aider and abettor in the murder of a key prosecution
    witness, (3) he was denied his right to a speedy trial, and (4) his
    conviction should be reversed due to a violation of the corpus
    delicti rule. *Held:*

    1. The prosecutor's comments regarding the defendant's fail-
    ure to call alibi witnesses were not improper since the defen-
    dant testified that he was with relatives and friends during the
    shooting. Where the defendant presents evidence of an alibi,
    the prosecutor may comment on the weakness of the alibi
    defense by pointing out the lack of corroboration.

    2. The trial court erred in not excluding evidence of the
    defendant's recent conviction as an aider and abettor in the
    murder of a key prosecution witness. However, evidence of the
    defendant's guilt was so overwhelming that the error was
    harmless.

    3. Balancing the following four factors: the length of the
    delay; the reason for the delay; the defendant's assertion of his
    right to a speedy trial; and prejudice to the defendant, the
    defendant was not denied his right to a speedy trial.

    4. The corpus delicti rule is inapplicable to the issue of
    whether a witness was improperly allowed to testify as to
    admissions made by the killer of the prosecution witness which
    implicated the defendant. The evidence was relevant as tending

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 136.
[2, 5] 29 Am Jur 2d, Evidence § 327.
[3, 4] 21 Am Jur 2d, Criminal Law §§ 241–244.

to prove defendant suppressed evidence leading to an inference of guilt.

Affirmed.

BEASLEY, P.J., concurred, but does not believe that the Supreme Court intended to resolve the substantial differences of opinion regarding impeachment of credibility of witnesses by evidence of conviction of an unspecified felony in the brief order in the case of *People v VanDorsten,* 409 Mich 942; 298 NW2d 421 (1980).

### OPINION OF THE COURT

1. CRIMINAL LAW — ALIBI DEFENSE — PROSECUTOR'S COMMENTS.

   A prosecuting attorney may comment on the weakness of a defendant's alibi defense by pointing out the lack of corroboration testimony to the jury during his closing argument where the defendant presents evidence of an alibi; where a defendant produces no testimony in support of the alibi, such comment by a prosecutor is improper.

2. CRIMINAL LAW — IMPEACHMENT OF DEFENDANT — PRIOR FELONY CONVICTIONS.

   It is improper for a trial court to allow impeachment of a defendant by asking if he had been convicted of any prior felonies without providing the names of the offenses; it is the nature rather than the fact of a prior felony conviction which the jury is to use in its evaluation of credibility.

3. CRIMINAL LAW — SPEEDY TRIAL.

   A balancing of four factors is required in reviewing a defendant's claim that he was denied a speedy trial: the length of the delay; the reason for the delay; the defendant's assertion of his right; and prejudice to the defendant.

4. CRIMINAL LAW — PRETRIAL INCARCERATION.

   Pretrial incarceration is always prejudicial to the accused in that the accused is denied many of his civil liberties; however, the critical issue is whether the period of time between arrest and trial resulted in prejudice to the accused's defense.

### CONCURRENCE BY BEASLEY, P.J.

5. CRIMINAL LAW — IMPEACHMENT OF WITNESSES.

   *The Michigan Supreme Court did not intend to reverse long-standing precedent and resolve the substantial differences of opinion regarding the impeachment of credibility of witnesses by evidence of conviction of an unspecified felony in the four-*

*sentence peremptory order in response to application for leave
to appeal in the case of* People v VanDorsten, *409 Mich 942;
298 NW2d 421 (1980).*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, *Robert C. Williams,* Chief
Appellate Counsel, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Richard J. Amberg, Jr.,* for defendant on appeal.

Before: BEASLEY, P.J., and BASHARA and MAC-KENZIE, JJ.

PER CURIAM. Defendant was convicted by a jury
of conspiracy to commit first-degree murder, MCL
750.157a; MSA 28.354(1). He was acquitted of first-degree murder, MCL 750.316; MSA 28.548. Testimony at trial established that defendant was hired
by Linda Hamilton to cause the death of her
husband.

On appeal, defendant contends that he was denied a fair trial as a result of the prosecutor's
closing argument. He asserts that the prosecutor
improperly commented on defendant's failure to
call alibi witnesses.

It is well established that where the defendant
presents evidence of an alibi, the prosecutor may
comment on the weakness of the alibi defense by
pointing out the lack of corroboration testimony to
the jury during closing argument. *People v
Hunter,* 218 Mich 525, 528; 188 NW 346 (1922),
*People v Fuller,* 44 Mich App 297, 299; 205 NW2d
287 (1973), *aff'd* 395 Mich 451; 236 NW2d 58
(1975). Where defendant produces no testimony in
support of the alibi, the prosecutor's comment is
improper. *People v Shannon,* 88 Mich App 138,
145; 276 NW2d 546 (1979).

In the case at bar, defendant testified that he was with relatives and friends during the shooting. Consequently, the prosecutor's comments were not improper. *Hunter, supra.*

Defendant further cites MCL 768.20(2); MSA 28.1043(2) in support of this allegation of prosecutorial impropriety. The statute requires the prosecutor to file a list of alibi rebuttal witnesses and does not concern the issue raised. See *People v Terry Alexander,* 82 Mich App 621, 627; 267 NW2d 466 (1978).

Next, defendant alleges that the trial court erred in denying his motion *in limine* to exclude evidence of his recent conviction as an aider and abettor in the murder of a key prosecution witness. The court ruled that the prosecutor could impeach defendant's credibility by asking him if he had been convicted of a felony, without specificity as to its nature or victim.

There are several cases from this Court holding that the use of evidence of an unspecified felony for impeachment constitutes error. *Cf., People v Jones,* 92 Mich App 100, 109-114; 284 NW2d 501 (1979), *People v Garth,* 93 Mich App 308, 315-320; 287 NW2d 216 (1979), *People v Vincent,* 94 Mich App 626, 633-638; 288 NW2d 670 (1980), *People v Dixon,* 99 Mich App 847, 849; 298 NW2d 647 (1980).

However, there is another line of cases which approve of the rule as being a fair compromise under the circumstances of the case. See *People v Moseley,* 94 Mich App 461, 465; 290 NW2d 39 (1979), *People v Hollis,* 96 Mich App 333, 340; 292 NW2d 538 (1980).

In *People v VanDorsten,* 96 Mich App 356, 359; 292 NW2d 134 (1979), this Court noted that the trial court recognized and properly exercised its

discretion in allowing impeachment by use of evidence of unnamed felonies. Subsequently, the Supreme Court reversed, holding:

"[W]e reverse the Court of Appeals judgment, and REMAND the case to the Calhoun Circuit Court for a new trial. It is improper to impeach a defendant by telling the jury only of the existence of unnamed prior felony convictions, without providing the names of the offenses. It is the nature, rather than the fact, of a prior felony conviction which the jury is to use in its evaluation of credibility." 409 Mich 942; 298 NW2d 421 (1980).

The circumstances herein present a strong case in support of the trial court's ruling. The prosecutor was allowed to introduce evidence of defendant's complicity in the other murder in its case in chief due to the fact the defendant had suppressed evidence. *People v Salsbury,* 134 Mich 537, 569-570; 96 NW 936 (1903). Therefore, the impeachment evidence was merely cumulative. In addition, we note that defense counsel was free to elicit testimony from the defendant establishing the nature of the felony. He apparently chose not to proceed in that manner for tactical reasons. See *Garth, supra* (dissent of BRENNAN, J.), 320.

Nonetheless, we feel constrained to abide by the Court's decision in *VanDorsten* in holding that the ruling was erroneous. However, we find the evidence of defendant's guilt so overwhelming that the error was harmless. It is difficult to imagine that any of the jurors would have voted to acquit, absent the error. *Moseley, supra, People v Makidon,* 84 Mich App 287; 269 NW2d 568 (1978), *modified on other grounds* 406 Mich 953; 277 NW2d 644 (1979).

Defendant also requests reversal on the ground that he was denied a speedy trial, US Const, Am

VI; Const 1963, art 1, § 20. A balancing of four factors is required in reviewing this claim: the length of the delay; the reason for the delay; the defendant's assertion of his right; and prejudice to the defendant. *People v Grimmett,* 388 Mich 590, 606; 202 NW2d 278 (1972).

Approximately 29 months passed before defendant was brought to trial. However, careful review of the record reveals that nine months of the delay were caused by defendant's motion to remand for a new preliminary examination. This delay is attributed to defendant because, after the long delay, he waived the examination, leading us to conclude that the motion was a stalling tactic. A further nine months of delay were also the cause of dilatory motion tactics of defendant's second set of attorneys. Much of the delay was the result of the death of the prosecution witness whose murder defendant aided and abetted. He can hardly claim the prosecutor should bear the consequences of that delay.

Defendant asserted his right to a speedy trial three times. We note that defendant's requests for a speedy trial appear insincere in view of the other motions filed which prevented the trial from commencing. See *People v Collins,* 388 Mich 680, 693; 202 NW2d 769 (1972).

We find no substantial prejudice resulting to the defense or to defendant personally. Pretrial incarceration is always "prejudicial" in that the accused is denied many of his civil liberties. *Barker v Wingo,* 407 US 514, 532; 92 S Ct 2182; 33 L Ed 2d 101 (1972). Defendant asserts that his pretrial incarceration was excessively oppressive. However, this allegation has not been supported in the record.

Of the two types of prejudice the defendant may

experience while awaiting trial, prejudice to his defense is considered the more crucial. *People v Chism,* 390 Mich 104, 114; 211 NW2d 193 (1973). This defendant's case was not prejudiced by the delay. The alibi defense to the murder count was evidently believed by the jury as he was acquitted of the charge. At any rate, his claim that the delay prevented him from locating alibi witnesses, which included his mother, wife, stepfather and sister, is incredulous. We find that the prosecutor has overcome the burden of proving defendant was not prejudiced. *Collins, supra,* 695.

Balancing the four factors, we find no speedy trial violation. See *People v Petrov,* 75 Mich App 532, 534; 255 NW2d 673 (1977).

Finally, defendant seeks reversal due to an alleged violation of the corpus delicti rule. Defendant asserts that a witness was improperly allowed to testify as to admissions made by the killer of the prosecution witness which implicated the defendant. We find the corpus delicti rule inapplicable to this collateral issue. See *People v Porter,* 269 Mich 284; 257 NW 705 (1934).

In addition, the evidence was relevant as tending to prove defendant suppressed evidence leading to an inference of guilt. *People v Salsbury, supra, People v Randall,* 294 Mich 478, 482; 293 NW 725 (1940).

Affirmed.

BEASLEY, J. *(concurring).* I respectfully concur in the result reached by the majority.

However, I do not believe that the Supreme Court intended to reverse long-standing precedent and to resolve the substantial differences of opinion regarding impeachment of credibility of witnesses by evidence of conviction of an unspecified

felony in the four-sentence peremptory order in response to application for leave to appeal in *People v VanDorsten.*[1] See, *People v Huff.*[2]

---

[1] 409 Mich 942; 298 NW2d 421 (1980).

[2] 101 Mich App 232; 300 NW2d 525 (1980).