PEOPLE *v.* BUCSKO.

1. WITNESSES—CRIMINAL LAW—TESTIMONY AS TO WITNESS' TRUTH AND VERACITY NOT ADMISSIBLE.
   In a prosecution for murder, refusal to permit a character witness testifying out of order to answer a question as to defendant's truth and veracity was not error, where counsel based his right to an answer on the sole ground that defendant was going to be a witness, since his standing as such could not be bolstered up by such testimony.

2. HOMICIDE—MANSLAUGHTER—INSTRUCTIONS.
   In a prosecution for murder, an instruction that the verdict should be guilty of manslaughter if the jury believed that, at the time of the shooting, defendant's reason was obscured by passion to an extent which might render "ordinary men, of fair average disposition," liable to act rashly, is not objectionable as setting up an imaginary person rather than the defendant.

Error to Macomb; Reid (Neil E.), J.  Submitted October 13, 1927.  (Docket No. 131.)  Decided December 1, 1927.

John E. Bucsko was convicted of manslaughter, and sentenced to imprisonment for not less than 7½ nor more than 15 years in the State prison at Jackson.  Affirmed.

*Chawke & Sloan,* for appellant.

*William W. Potter,* Attorney General, and *James E. Spier,* Prosecuting Attorney, for the people.

---

¹Witnesses, 40 Cyc. p. 2645 (Anno); ²Homicide, 30 C. J. § 656.
*Continued from Vol. 240.

CLARK, J.    Defendant, convicted of manslaughter, brings error.    Soon after the defense had opened and while its second witness was on the stand, and before defendant had been called as a witness, there was interruption to permit a character witness for defendant to testify out of order, and we quote from the record:

"I have known the defendant six or seven or probably eight years and know him quite intimately.

"*Q.* What would you say as to the truth and veracity of John E. Bucsko; is it good or bad?

"*Mr. Stone:* We object to that.

"*The Court:* You are basing this on the proposition that he is going to be a witness?

"*Mr. Charnoske:* Yes, sir.

"*The Court:* I understand there is quite a broad distinction between truth and veracity and with the proposition of a law-abiding citizen.    Understand you have no right to bolster up the witness' standing or the defendant's standing by having other witnesses state that that witness is generally a credible witness. You have a right to show his standing in the community as a law-abiding citizen in general.    You have that undoubted right.

"*Q.* Are you acquainted with the reputation and character of the defendant as far as it relates to whether or not he is of a quiet and peaceful disposition in the community?

"*A.* Yes.

"*Q.* Would you say that his reputation for being a peaceful and law-abiding citizen is good or bad?

"*A.* Good."

Counsel for defendant contend that the refusal to permit answer to the first question above quoted is error.    But counsel based his right to an answer on the bare ground that defendant was going to be a witness.    On that ground defendant, as the trial judge said, could not bolster up his standing as a witness by such testimony.    Had counsel based his right to an answer on the ground that defendant was to be a witness and that the prosecution would seek to im-

peach him and to contradict his testimony by cross-examination or by rebuttal testimony, a different question would be presented.

The trial court's ruling, in view of defendant's stated purpose in seeking answer, cannot be held erroneous.

The court instructed as follows:

"I charge you that if you find beyond a reasonable doubt that, at the time and place in question, John Bucsko intended to kill Levi Siglow and did kill him unlawfully, your verdict should be guilty of manslaughter if you believe that at the time of the shooting, John Bucsko's reason was obscured by passion to an extent which might render ordinary men, of fair average disposition, liable to act rashly, or without due deliberation, or reflection, and from passion, rather than judgment, but if you believe beyond reasonable doubt that John Bucsko was induced to kill Siglow, because of some provocation, and sufficient time elapsed between the provocation and the shooting for passion to subside and the judgment to re-enter, your verdict should be guilty of murder."

The instruction is criticized as setting up as a guide an imaginary person and not the defendant, namely, "an ordinary man of fair average disposition." The instruction follows *Maher* v. *People,* 10 Mich. 212, at page 220 (81 Am. Dec. 781), approved in *People* v. *Poole,* 159 Mich. 350 (134 Am. St. Rep. 722), and in *People* v. *Droste,* 160 Mich. 66, and as the rule there announced "has never been departed from in this State," the instruction must be held free from error.

The charge is also criticized in other particulars which we do not discuss, being of the opinion that, taken in its entirety, it gave the case fairly to the jury. We find no reversible error.

Judgment affirmed.

SHARPE, C. J., and BIRD, FLANNIGAN, FELLOWS, WIEST, and McDONALD, JJ., concurred.

The late Justice SNOW took no part in this decision.