Charles COFFEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 26, 1972.

Phillip K. Wicker, Somerset, for appellant.

John B. Breckinridge, Atty. Gen., Robert V. Bullock, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

Appellant, who was tried jointly along with two companions, was found guilty of the offense of storehouse breaking and his punishment fixed at two years in the penitentiary. All three had been charged with the offense of possession of burglary tools, along with the storehouse-breaking offense. They were found not guilty of the offense of possessing burglary tools.

A summary of the facts as disclosed by the proof is that on February 4, 1970, a gentleman by the name of Ray Losey was on his way home following a church service about 11 p.m. when he observed a 1956 Chevrolet automobile backing into the road from the home of a friend, whom he knew at the time was in Florida. Mr. Losey noted that the automobile was an orangish-red color with white on the top. He also noted the license number. Mr. Losey followed the automobile onto a gravel road where it pulled off and stopped just to the rear of a combination grocery and service station owned by Mr. Gilliland. After Losey arrived home and reflected upon what he had observed, he returned to again

look over the situation. When he arrived at the Gilliland grocery-service station, the vehicle was pulling out. The door of the building was ajar. The vehicle appeared to be loaded with tires and the trunk was so full the lid would not close. Losey followed them for a short distance, then returned home and called the sheriff. The sheriff advised him to return to the area of the store and while awaiting the sheriff he noticed an automobile in the vicinity in an area known as "Alpine Park." Losey noticed the headlights of the car were off. Shortly after he made these observations state detective Sam King and a deputy sheriff arrived. Losey gave them a description of the car he first had seen and advised them concerning his observation of the vehicle in Alpine Park. The officers proceeded to Alpine Park, located the vehicle meeting Losey's description, and arrested the occupants. Upon searching the vehicle they did not find the stolen property, however, they did find a hammer commonly used by automobile body repairmen, a reamer and yellow-handled screwdriver. The officers returned to the grocery-service station, compared the marks on the door with the prying surfaces of the screwdriver and hammer and found that they matched.

It is appellant's contention that the judgment of conviction should be reversed for five reasons. (1) It was error to permit the Commonwealth to introduce into evidence the door of the store building; (2) it was error for the court to permit the Commonwealth's detective to testify that the marks on the door appeared to have been made by the hammer and screwdriver; (3) improper comments of the trial judge in that he referred to the reamer which had been introduced into evidence as the one taken from the store; (4) prejudice to the rights of the accused to receive a fair trial as a result of the sheriff's laughing during the testimony of a defense witness; (5) inconsistency in the verdict in finding the appellant guilty of store-

house breaking and not guilty of possession of burglary tools.

We will dispose of objections four and five first as they merit only short comment. There is no inconsistency in the verdict. From the evidence, it is possible that the jury could believe the appellant guilty of the offense of breaking and entering yet not believe the tools were possessed for the purpose and with the intent of committing the burglary.

As to the fourth contention, the record itself in no way discloses the alleged misconduct of the sheriff. True, this is described in appellant's brief but the statement of a party in its brief before this court cannot supply or supplement a deficient record. If the sheriff did laugh at the wrong time during the course of the trial in such way as to prejudice the rights of the accused this is something that could well have been presented to the trial court in the form of a motion and grounds for a new trial. And, as the judge who tried the case would normally hear the motion and grounds for a new trial if he deemed it sufficiently prejudicial and granted a new trial, we certainly would not disturb such judgment. Matters such as this that do not appear of record are difficult to handle upon appeal as this court of necessity is bound to rely upon the printed record of the trial.

We will now deal with objections one, two and three in their respective orders. We do not believe the trial court erred in allowing the door of the building to be introduced into evidence. Appellant contends that it should not have been allowed as the door had been painted and had been allowed to remain in the custody of Mr. Gilliland. We do not believe there is great merit in these contentions. First, there is no question but that the door is the same door that was on the building at the time of the break-in. In reality it was not the door that constituted the pertinent evidence in this case. It was the gouge

marks on the door. The painting of the door in no way affected the gouge marks. They remained the same. It was testified by Mr. Gilliland that the gouge marks on the door were in the same condition at the time the door was introduced in evidence as they were when he first observed the door after the burglary. We believe this testimony was sufficient to make the gouge marks competent as none of the incidents contended by appellant in any way changed the gouge marks. See Sebastian v. Commonwealth, Ky., 436 S.W.2d 66 (1969), where we held that shotgun shells could be introduced into evidence even though their ends had been clipped to facilitate their firing, since the clipping of the shells did not affect the integrity of the firing pin marks on the heads of the shells which were the significant part of the evidence.

Now, we proceed to appellant's second contention. The detective was permitted to testify that it appeared the hammer and screwdriver caused the gouge marks in the door and door facing. Appellant contends this was opinion testimony, that King was not shown to be an expert and, therefore, should not have been permitted to usurp the prerogative of the jury. We do not believe the detective's testimony rises to the point of being expert opinion. He was in fact asked at one time during the examination if he had formed an opinion concerning this subject, an objection was made, and the court sustained the objection. All the testimony amounts to as a matter of fact is that the size and shape of the gouge marks matched the ends of the instruments in such way that the gouge marks appeared to have been caused by the instruments. We held in Perkins v. Commonwealth, Ky., 409 S.W.2d 294 (1966), where a witness observed an accused at a distance carrying a round object that it was not improper to permit him to testify that it looked like a power saw and to permit another witness to testify that the object looked like a guitar. In any event, the jury had the instruments before them and had the door and door facing before them.

They could compare the gouge marks with the instruments and determine for themselves whether there was or was not a match. There was no opportunity for the witness to misrepresent the appearance of the object nor to mislead the jury. Therefore, this testimony certainly could not have been prejudicial.

As to appellant's third contention, we believe the admonition of the court concerning the court's offhand remark about the reamer sufficiently cured any wrong impression the jury might have gained.

Judgment affirmed.

All concur.