PEOPLE v HUFF

Docket No. 78-4352. Submitted June 11, 1980, at Lansing.—Decided
November 4, 1980. Leave to appeal applied for.

William R. Huff was convicted of larceny in a building, Bay
Circuit Court, John X. Theiler, J. Defendant appeals, alleging
that the trial court erred by allowing the prosecutor, on cross-
examination of the defendant, to refer to a prior felony convic-
tion for purposes of impeachment. The prosecutor was not
allowed to specify the nature or the details of the prior convic-
tion, which was also for larceny in a building. *Held:*

1. Rule 609 of the Michigan Rules of Evidence requires that
the trial court exercise its discretion in determining whether
the probative value of admitting evidence of prior convictions
outweighs any possible prejudicial effect. The similarity of a
prior conviction to the offense with which a defendant is
charged is a factor militating against admission of evidence of
the prior conviction.

2. The compromise reached by the trial court, allowing the
jury to be informed that the defendant had previously been
convicted of a felony but not that it was the same felony for
which the defendant was presently on trial, was not an abuse
of discretion.

Affirmed.

T. M. BURNS, P.J., dissented. He would hold that where the
crime forming the basis of the impeaching testimony is not
identified to the jury the probative effect of that testimony is
diminished to such a degree that as a matter of law the value
of the evidence in assessing the defendant's credibility is out-
weighed by its prejudicial effect. He would reverse.

REFERENCES FOR POINTS IN HEADNOTES
[1, 6, 7, 9] 29 Am Jur 2d, Evidence § 327.
    81 Am Jur 2d, Witnesses § 569 *et seq.*
[2] 29 Am Jur 2d, Evidence § 320.
    81 Am Jur 2d, Witnesses § 569 *et seq.*
[3, 8] 29 Am Jur 2d, Evidence § 320 *et seq.*
[4] 29 Am Jur 2d, Evidence § 346.
    81 Am Jur 2d, Witnesses § 526.
[5] 29 Am Jur 2d, Evidence § 344 *et seq.*

Opinion of the Court

1. Criminal Law — Impeachment — Prior Convictions — Rules of Evidence.

A trial court is required to exercise its discretion in deciding whether the probative value of admitting evidence of a defendant's previous convictions, as bearing on the defendant's credibility, outweighs any possible prejudicial effect of admitting such evidence (MRE 609).

2. Criminal Law — Impeachment — Prior Convictions — Similarity of Prior Convictions.

The similarity of a previous conviction to the offense with which a defendant is charged is a factor militating against admission of evidence of the previous conviction for purposes of impeachment of the defendant's testimony.

3. Criminal Law — Prior Convictions — Substantive Evidence.

A prosecutor may not offer evidence, as part of his case in chief, that a defendant was previously convicted of a felony because such evidence is not substantive evidence of the commission of the charged offense.

4. Criminal Law — Defendant's Reputation — Relevant Testimony.

A defendant who testifies in his own behalf thereby places his reputation for truth and veracity at issue, and testimony regarding the defendant's character as it relates to truth and veracity is relevant.

5. Criminal Law — Evidence — Prior Convictions.

Testimony regarding a defendant's good character is always admissible in a criminal case; evidence that the defendant has not been convicted of a previous felony is relevant, material and admissible.

6. Criminal Law — Impeachment — Prior Convictions.

A trial judge did not abuse his discretion by permitting the prosecution to impeach a defendant by asking defendant whether he had been previously convicted of a felony, where the trial judge determined that the probative value of this evidence on the issue of credibility outweighed any possible prejudicial effect and where defendant was left the option of whether or not to specify the felony; in cases where defendant's prior conviction is for an offense which is the same or similar to that with which he is presently charged, this method is a

fair and reasonable compromise allowing the prosecution to introduce evidence relevant to the defendant's credibility while, at the same time, protecting the defendant from unfair prejudice.

7. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS — BURDEN OF PERSUASION.

The burden is on a defendant to persuade the trial court that the use of evidence of prior convictions to impeach the defendant if he testifies is more prejudicial than probative of the defendant's credibility.

8. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS — FACTORS IN ADMISSIBILITY.

The factors to be weighed in deciding whether evidence of a defendant's prior conviction should be excluded are: (1) the nature of the prior offense as it bears on credibility, (2) whether the prior conviction was for substantially the same conduct for which the defendant is on trial, and (3) the effect on the decisional process if the defendant does not testify out of fear of impeachment by use of the prior conviction.

DISSENT BY T. M. BURNS, P.J.

9. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS.

*The probative effect of impeachment testimony regarding a defendant's prior felony conviction is diminished to such a degree that as a matter of law the value of the evidence in assessing the defendant's credibility is far outweighed by its prejudicial effect where the crime forming the basis of the impeaching testimony is not identified to the jury.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Neil P. Wackerly,* Assistant Prosecuting Attorney, for the people.

*Derrick A. Carter,* Assistant State Appellate Defender, for defendant on appeal.

Before: T. M. BURNS, P.J., and BEASLEY and G. R. DENEWETH,* JJ.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

BEASLEY, J. Defendant, William Russell Huff, was convicted by a jury of larceny in a building in violation of MCL 750.360; MSA 28.592. After being sentenced to five years probation, with the first six months in the county jail, he appeals as of right.

Defendant's chief argument on appeal is that the trial court erred in responding to his motion in chambers to prohibit any reference to a previous conviction for a similar offense. The trial court ruled:

"THE COURT: * * * The Defendant has made a Motion In Limine to prevent the Prosecutor from cross examining, if he takes the stand, on an issue of prior felony conviction.

"We discussed it in Chambers. It appears that the Defendant has a conviction. I assume it's valid and that would be for larceny in a building.

"I've indicated in our opinion showing a conviction of that crime in a case where the Defendant is charged with the same type of crime, would be of such prejudicial nature that the jury would not be able to properly follow our instructions with that. That type of information could only be used for impeachment purposes and not in chief. It would be most difficult for them to follow.

"The Prosecutor, however, is suggesting, if that be the case, and the Defendant takes the stand, that he will not be committed to appear before the jury as though he had never had a conviction, and they, therefore, ask that they be permitted to ask him if he does not have a felony conviction on a given date and location, but not the details thereof.

"So, I've indicated I'll grant your motion insofaras [sic] a reference to any specific conviction, Mr. Williams.

"MR. WILLIAMS: Your Honor, although that's a better suggestion than allowing the actual prior charge to be brought before the jury, which is, of course, as pointed out, the same conviction that he's being tried for today, we feel that any reference to any prior felony would be prejudicial to the Defendant's rights to a fair

trial and that in effect he would have to have the option in his own mind not testifying in his defense which would be against a fair trial or taking the stand and having the Prosecutor bring up the fact that he has a prior felony conviction which, in my opinion, would be prejudicial to the jury being impartial in this case. And we have cited People versus Jackson, which does allow the Court to exercise his discretion.

"And evidently, the Michigan Rules of Evidence or Rule 609 still have not actually overruled the idea of People versus Jackson, that the Court does have discretion to completely eliminate the idea of allowing the Prosecutor to bring up the prior felony conviction.

"So for that reason, we would Move that the Court exclude any reference whatsoever to a felony. But in the alternative, to take up the Prosecutor's suggestion, and if it's allowed in, to only be in the way of a felony and not of a specific felony.

"THE COURT: The objection is that there should not be any evidence at all of a prior conviction, which would mean that the Michigan Rule of permitting such impeachment would be wrong. If it would apply to that concept, then it's applicable to all convictions and I'm not the one to say that that policy decision shouldn't be made, but even People versus Jackson indicates to the contra. And certainly MSA *[sic]* 609 indicates that it's a study *[sic]* conviction of the Supreme Court that impeachment by this method is perfectly proper.

"So in view of that, unless there is some specific reason given why we shouldn't permit the Prosecutor to ask the question of whether or not there was a prior felony conviction, we would authorize him to do that and not go into detail of that conviction.

"MR. WILLIAMS: Thank you, Your Honor."

On trial, defendant did testify and the assistant prosecutor did ask him whether he had been convicted of a felony in another county in 1975.

In this case, a woman in a laundromat placed her wallet on a washing machine. She saw defendant walk past her in the aisle and then, while she

was loading clothes in the washer, she saw defendant's hand reach out to the machine where her wallet was and then noticed her wallet was gone. She immediately went to where she had placed her wallet and when she found it was gone, she complained to the laundry manager. When defendant came out of the rest room where he had gone, the manager asked him if he had taken the wallet. He denied that he had. While the proofs pointed strongly toward defendant, they were not overwhelming. In some respects, the case could be said to hinge upon a one-on-one credibility issue.

The issue is, under the circumstances of this case, did the trial judge abuse his discretion by permitting the prosecution to impeach defendant by asking defendant whether he had been convicted of a *felony* in another county in 1975, but leaving with defendant the option of whether or not to specify the felony. We hold there was no abuse of discretion and affirm.

On January 5, 1978, effective March 1, 1978, the Supreme Court adopted the Michigan Rules of Evidence, Rule 609 of which, entitled Impeachment by Evidence of Conviction of Crime, covers the issue raised by defendant. Since defendant's trial commenced April 25, 1978, MRE 609 controls. While the preamble provides that these rules of evidence are binding on Michigan courts, the Court invites challenge as to the wisdom of any rule, providing:

"In adopting these rules, the Court should not be understood as foreclosing consideration of a challenge to the wisdom, validity or meaning of a rule when a question is brought to the Court judicially or by a proposal for a change in a rule. * * * While these rules are binding on Michigan courts, the Court does not intend to preclude evidentiary objection in the trial

court based on a challenge to the wisdom, validity or meaning of a rule and development of a separate record so as to properly present the challenge for review by this Court."

Since defendant did not avail himself of this procedure, we assume defendant accepts and we find he is bound by MRE 609. Specifically, we hold this is *not* a case where defendant attacks and seeks to amend MRE 609 so as to preclude absolutely any and all use of prior convictions to impeach as to credibility. We interpret MRE 609 to require the trial judge to exercise his discretion to decide whether the probative value of admitting evidence of previous convictions on the issue of credibility outweighs any possible prejudicial effect. MRE 609 provides:

"(a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if

"(1) the crime was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or the crime involved theft, dishonesty or false statement, regardless of the punishment, and

"(2) the court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect."[1]

Applying MRE 609 here, we note defendant's prior conviction of larceny in a building meets

[1] MRE 609(a)(2) was amended effective May 14, 1980, to read as follows:

"(2) the court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect and articulates on the record the factors considered in making the determination."

both requirements of MRE 609(a)(1), *i.e.,* the maximum sentence exceeds one year and it is an offense involving theft and, perhaps, dishonesty. In addition, the prior larceny conviction occurred within the 10-year period delineated in MRE 609(b).

The discretion vested in the trial court to determine whether the probative value of admitting evidence of a prior conviction on the issue of credibility outweighs its prejudicial effect is, however, hedged in by limitations. *E.g.,* in the within case, the trial court interpreted *People v Baldwin*[2] to preclude admission in evidence for impeachment purposes of a conviction of a similar offense.

While a fair inference from *Baldwin* may be as the trial court indicated, the narrow holding was that it is reversible error for a trial court to hold, in exercising the discretion described in *People v Jackson,*[3] that a previous conviction for an identical or similar offense is a factor favoring admission of such impeachment evidence. *Baldwin* holds nothing more. This is one limitation upon the trial court's discretion.

In applying MRE 609(a), the underlying propositions should be remembered.

In a criminal case, a prior felony conviction is not substantive evidence that the defendant committed the offense for which he stands trial; thus, a prosecutor may not offer evidence that the defendant was previously convicted of a felony as part of his case in chief. The reason for this conclusion is that while a person who has previously committed a felony is more likely to commit a subsequent felony than one who has not, the mere probability is not, under the law, substantive evidence of

[2] 405 Mich 550; 275 NW2d 253 (1979).

[3] 391 Mich 323; 217 NW2d 22 (1974).

commission of the offense. Thus, as part of a prosecutor's case in chief, such evidence is irrelevant and immaterial.

In this connection, it is well to remember that from time immemorial a basic police technique in solving crime has been to investigate those within the area at the time of the offense who are known to have committed similar crimes. The reason behind the investigative procedure is plain enough, namely, that a person who has been convicted of committing a felony is far more likely to repeat and commit another crime than someone who has not. Current studies support this conclusion, although there are differences of opinion as to the reasons for recidivism.[4]

Investigatory techniques are quite different than bases for admissibility of evidence. The fact that a person committed a felony yesterday, or last year, is not substantive evidence that he is the one who committed the felony under investigation today, even though it is far more likely that he committed the offense than one who has never committed such an offense before. Thus, as indicated, the prosecution is not entitled to offer evidence, as part of its case in chief, that a defendant has been previously convicted of a felony.

---

[4] Glaser, *The Effectiveness of a Prison & Parole System,* (Indianapolis: Bobbs-Merrill Co, 1964), Ch 3, Preprison Influences on Recidivism, p 49, provides:

"The extent of the offender's prior criminal record and the likelihood of his becoming a recidivist are directly correlated. * * *

"* * * [N]o matter how one counts the volume of prior felony involvement, the failure rate tends to increase as the magnitude of prior criminality increases. However, the effects of prior criminality and of age seem to counteract each other. After a certain point, an increase in prior sentences, which is directly related to recidivism, also means an increase in age, which is inversely related to recidivism. This may explain the tendency of recidivism rates to stop increasing appreciably with additional prior felony convictions after the first two or three, although there is a sharp increase from none to one prior conviction."

The rules of evidence explicitly support this proposition:

"(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crime, wrongs, or acts are contemporaneous with, or prior or subsequent to the crime charged."[5]

If a defendant testifies in his own defense, he, like any other witness, swears or affirms that his testimony will be true. In so doing, he places his reputation for truth and veracity in issue. As soon as he testifies, his character for truth and veracity and credibility are in issue.

A distinction must be drawn between general character and specific traits of character such as truth and veracity.[6] This distinction is clearly drawn in *People v Bouchee*,[7] where, after observing that the modern tendency has been to limit the inquiry to character evidence bearing solely on the witness's truthfulness, the Court said:

"We hold, therefore, that character evidence offered to impeach or support a witness's credibility, other than evidence of prior conviction for crime, must be limited to the particular character trait of truthfulness or untruthfulness." (Footnote omitted.)

---

[5] MRE 404(b).

[6] See, *People v Bucsko,* 241 Mich 1; 216 NW 372 (1927), and *People v Mitchell,* 402 Mich 506; 265 NW2d 163 (1978). See also, Proposed Criminal Jury Instructions 5:2:05—5:2:08, and commentary following.

[7] 400 Mich 253, 268; 253 NW2d 626 (1977).

While the general Michigan rule is that taking the witness stand places the witness's credibility in issue and impeaching evidence is limited to that concerning the particular character trait of truthfulness, the use of evidence of prior conviction of a felony to impeach a witness falls in a special category which is now delineated in MRE 609. Once his character for truth and veracity is placed in issue, then testimony regarding that character trait is relevant.

It has long been the rule in Michigan that in a criminal case testimony of defendant's good character is always admissible. *Hamilton v The People*[8] is authority for that proposition. Of similar thrust is *People v Mead.*[9] An accused party who is of good reputation is always entitled to the benefit of such proof.

More recently, in *Hawley v United States,*[10] the court said:

"Evidence of good character or reputation of one charged with crime is always admissible. It is competent as evidence tending to generate a reasonable doubt of the guilt of the offense charged."

In *Shimon v United States,*[11] indicating defendant may put in evidence as to his good character, the court said:

"The term 'character' witness is, of course, a misnomer, for it is reputation not character which is then the issue."

The court also noted that a witness may not

[8] 29 Mich 195 (1874).

[9] 50 Mich 228, 233; 15 NW 95 (1883).

[10] 133 F2d 966, 972 (CA 10, 1943).

[11] 122 US App DC 152; 352 F2d 449 (1965).

testify as to specific facts, but only as to general repute.

These cases must be viewed together with MRE 404(a), which provides:

"(a) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
"(1) Character of accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same; * * *."

MRE 608(a) must also be considered, which provides:

"(a) Reputation evidence of character. The credibility of a witness may be attacked or supported by evidence of reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by reputation evidence or otherwise."

We do not believe that these rules of evidence were intended to reverse the long-standing rule that permits a defendant in a criminal case to testify that he has never been convicted of a felony. Rule 404 is limited in its application to the situation where the purpose of offering the evidence is to show that a person acted in conformity with the particular character trait on a particular occasion. One rationale in support of the proposition that Rule 608 does not modify the long-standing rule is that when the prosecution charges a defendant with commission of a crime and offers proof to support the charge, then a sufficient attack has been made upon the defendant's charac-

ter to justify permitting him to testify and offer testimony regarding his good character, namely, that he has not been convicted of a felony.

Thus, in general we conclude that evidence that a defendant has not been convicted of a previous felony is relevant, material and admissible. It is one fact in support of a conclusion that he is possessed of good character and that his testimony is worthy of belief.

Where a defendant testifies in his own defense, evidence that he is *not* of good character and is *not* worthy of belief would appear to be equally relevant, but this relevance is tempered and modified by MRE 404 and MRE 608, as indicated. Under MRE 609, when the evidence takes the form of a conviction of a previous felony, while perhaps equally relevant, such evidence is not necessarily admissible.

At this point, it should be noted that where evidence of a previous felony conviction is admitted, the following jury instruction is always required to be given:

"There is evidence that the defendant has [a] prior criminal conviction[s]. This evidence is to be considered by you only insofar as it may affect the defendant's credibility [believability] as a witness. It must not be considered by you as evidence of his guilt of this crime, nor should it be considered by you as increasing the probability of his having committed the crime."[12]

The evidence of a previous felony conviction is not always admissible because it is felt that there is a great risk that a jury will fail to follow the court's instruction and will treat the evidence as substantive proof of guilt. There is also a feeling

---

[12] Proposed Criminal Jury Instruction 3:1:08; 2 Gillespie, Michigan Criminal Law and Procedure (2d ed), § 906.5, Form No. 419.46, p 774.

that a jury will consider that since defendant has already committed a felony he is a "bad guy" and should be punished regardless of the substantive evidence in the case at hand.

It should be noted that these conclusions must, of necessity, rest upon speculation since there is no foolproof way to know how or whether a jury (or a particular juror) reaches a decision. The fear or concern in law which gives rise to these decisions and rules is usually. alluded to as fear of "prejudicing" the jury and is a fear that the juror will translate the probability into substantive evidence of commission of a crime and perhaps convict a defendant where there otherwise is insufficient substantive evidence of guilt. For these reasons, Michigan courts have, by both rules of evidence adopted by the Supreme Court and by case law, greatly limited the use of prior felony convictions to impeach a defendant's credibility.

In some respects, these exclusionary rules run counter to current trends which place greater confidence in jurors. By all odds, jurors are better informed, better educated and more sophisticated than in earlier times. The trend is against holding evidence back from juries out of fear that they will be unable to understand. Permitting career felons to hide behind a judicially erected wall of silence and keeping from jurors facts regarding their character based upon speculation that it will confuse jurors in deciding guilt or innocence is not universally believed to be either wise or fair. There is some difference of opinion on this subject and leaving trial judges an area of discretion, as MRE 609 seems to do, is a desirable compromise.

In the within case, in applying MRE 609(a)(2), the trial judge gave effect to *People v Baldwin, supra,* and held that the fact that defendant's

previous felony conviction was also for larceny in a building was a factor militating against permitting it to be used to impeach. But he believed that it was unfair to permit defendant to testify and by silence to leave the jury with the impression that he had no previous felony conviction. We believe that his concern was justified.

The previous conviction for larceny in a building was relevant to the issue of defendant's credibility. Larceny in a building involves theft and dishonesty. Where, as here, there was in part a one-on-one credibility issue, the jury was entitled to assess defendant's credibility in the light of the relevant facts, including the fact defendant had been previously convicted of a felony. Clearly, there was proper probative value attached to defendant's previous and recent conviction of larceny in a building.

We agree with the trial judge that to have permitted the defendant to testify without the jury knowing he had been convicted of a felony would not have produced a fair trial in this case. So the trial judge sought a compromise. To avoid the effects held undesirable in *Baldwin, supra,* and yet to avoid misleading the jury regarding the true facts pertaining to defendant's reputation for truth and veracity, he permitted the prosecution to impeach by asking defendant if he had been convicted of a felony in 1975, but without specifying the felony.

On appeal, defendant argues that this was unfair because the jury may have speculated that he had been previously convicted of a much more serious and heinous crime, for example, criminal sexual conduct, first degree. He says then the jury might conjecture that he was a really bad person and find him guilty without regard to the truth of

his denial. The answer to this argument is that if he, in fact, did fear that scenario he had the option to reveal to the jury that his previous conviction was for larceny in a building. He reasons (as in *Baldwin, supra*) that in that case the jury might convict him on the unfair basis that because he did it before he did it again. The answer to that argument is that where his previous offense involves dishonesty, theft or false statement, he loses the benefit of *Baldwin* as here interpreted by the trial court.

The end result of following defendant's position is to permit defendant to testify without the jury knowing he was previously convicted of a felony. As indicated, we, like the trial judge, are reluctant to permit such a result. In this case, we believe the method elected by the trial judge was the most fair and reasonable to both sides of the alternatives available to him. Where a defendant testifies in his own defense, his character for honesty is placed in issue and evidence of past conviction of a felony is relevant. While precautions should be carefully taken to instruct the jury that such evidence goes only to credibility and is not substantive evidence, we doubt that juries are going to convict innocent defendants as a result of this procedure. By the same token, we do not believe juries should be misled into believing such defendants have no previous criminal record.

In these speculations as to how jurors will react, we would prefer to err on the side of giving the jury all of the relevant facts with a correct and proper instruction on the law. In this case, we believe it would be more unfair for this victim of crime, who has no criminal convictions, to have her credibility matched against the credibility of defendant without the jury knowing that defen-

dant has less than three years earlier been convicted of a felony (when, in fact, defendant's earlier felony involved theft and dishonesty), than for defendant to run the risk that he will be prejudiced by the jury believing that he is a "bad man" by virtue of his previous felony conviction and, thus, is guilty of the felony with which he is charged. We do not find the trial court's solution to be an abuse of discretion.

We also believe prosecutors must be prevented from overemphasizing or repeating evidence of previous felony convictions. We would not be inclined to permit a prosecutor to cross-examine a defendant in detail regarding the facts and circumstances and the nature and the details of a previous felony conviction. This poses a far greater danger of prejudicing a jury than permitting the one question regarding a previous conviction that was permitted here.

We recognize that on this issue there is a split of authority on this Court.[13] Since we here deal with a matter of speculation over what goes on in the minds of jurors, it is not surprising that there is a difference of opinion.

The position we take here has found support in other states. For example, in *State v Adams*,[14] where defendant was charged with abortion and murder based on abortion, he testified on direct examination to four previous abortion-type convictions. Upon cross-examination, he was again asked by the prosecutor about the convictions, including a reference to the nature of the offense (abortion).

[13] *People v Hollis,* 96 Mich App 333; 292 NW2d 538 (1980), *People v Van Dorsten,* 96 Mich App 356; 292 NW2d 134 (1979), *People v Vincent,* 94 Mich App 626; 288 NW2d 670 (1980), *People v Garth,* 93 Mich App 308; 287 NW2d 216 (1979), *People v Jones,* 92 Mich App 100; 284 NW2d 501 (1979).

[14] 257 Wis 433; 43 NW2d 446 (1950).

The court overruled these objections and from those rulings defendant appealed.

The Wisconsin Supreme Court, at 436-437 said:

"This court has consistently held that proof of a former conviction of a defendant in a criminal action may be received but that nothing except the mere fact of conviction may be shown. * * * Such testimony has been permitted solely for the purpose of going to the credibility of the witness. * * *

"When the defendant admitted upon his direct examination that he had been previously convicted the entire purpose of the rule permitting proof of previous convictions had been accomplished and there was no occasion or need for either the defendant or the district attorney to go into further detail. * * * The purpose of the rule is not to prejudice the minds of the jury by showing that the defendant had been guilty of another crime, particularly, as in this case, the same crime for which he was on trial."

In *Sebastian v Kentucky*,[15] the Kentucky court said:

"For impeachment purposes, Rutherford could be asked whether or not he had been convicted of a felony, but not the nature of the felony."

We interpret MRE 609(a)(2) to place discretion in the trial court to weigh the probative value against the prejudicial effect. We believe that is where it belongs. In so doing, we fully indorse the following definition of discretion:

"We have held repeatedly, and we again hold, that we will not interfere with the discretion of the trial chancellor in these cases unless a clear abuse thereof is manifest in the result reached below. The kind of determination before us requires a weighing of human

---

[15] 436 SW2d 66, 69 (Ky App, 1968).

and economic factors of the utmost complexity, a weighing that can best be accomplished at the local level, not in these chambers. * * * Where, as here, the exercise of discretion turns upon a factual determination made by the trier of the facts, an abuse of discretion involves far more than a difference in judicial opinion between the trial and appellate courts. The term *discretion itself* involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."[16]

Regarding the Michigan cases, we note *People v Jones*[17] rested on the two cases of *Luck v United States*[18] and *Gordon v United States,*[19] both decided in intermediate Federal appellate courts. In *Gordon,* the court said:

"*Luck* also contemplated that it was for the defendant to present to the trial court sufficient reasons for withholding past convictions from the jury in the face of a statute which makes such convictions admissible. * * * The underlying assumption was that prior convictions would ordinarily be admissible unless this burden is met. 'The trial court is not *required* to allow impeachment by prior conviction every time a defendant takes the stand in his own defense.'" (Footnote omitted.)

The *Gordon* opinion went on to say that to bar the use of previous convictions as impeachment the court must find that the prejudice far out-

---

[16] *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959).

[17] *People v Jones, supra.*

[18] 121 US App DC 151; 348 F2d 763 (1965).

[19] 127 US App DC 343, 346; 383 F2d 936, 939 (1967).

.

weighs the probative relevance to credibility. The court then further said:

"*The burden of persuasion in this regard is on the accused; * * *.*" (Emphasis added.)

We would also note that the leading Michigan case of *People v Jackson, supra,* cites and places heavy reliance upon the cited Federal cases of *Gordon* and *Luck, supra.* Under these circumstances, we believe that *People v McCartney,*[20] *People v Killebrew*[21] and *People v Jones, supra,* are in error in holding that the burden of proof is on the prosecution to establish that the probative value outweighs the possible prejudicial effect. We suggest that the rule is to the contrary, as indicated from the above quotations from *Gordon.*

In *People v Crawford,*[22] the Court adopted a three part test for deciding when a criminal record should be excluded from evidence. The three factors to be weighed are first, the nature of the prior offense, namely, did it involve an offense which directly bears on credibility. Clearly, in this case, the previous offense bore on credibility. Second, the question posed is whether it is for substantially the same conduct for which the defendant is on trial. Clearly, in this case, it is because the offenses are the same, namely, larceny in a building. Thus, coming to the third test, there is a stand-off. The third test is the effect on the decisional process if the accused does not testify out of fear of impeachment by use of the prior conviction.

In this case, the defendant did testify and did

---

[20] 60 Mich App 620; 231 NW2d 472 (1975).

[21] 61 Mich App 129; 232 NW2d 329 (1975).

[22] 83 Mich App 35; 268 NW2d 275 (1978).

tell the jury his side of the story. Consequently, by the standards of *Crawford,* we believe that the within procedure adopted by the trial judge was not clearly erroneous.

In summary, we hold the trial judge correctly applied MRE 609. He exercised his discretion and found the probative value of admitting evidence of the prior conviction on the issue of credibility outweighed any possible prejudicial effect on the jury, interpreted *Baldwin, supra,* to prohibit him from specifying the previous felony because it was for the same offense which defendant was charged with committing here, namely, larceny in a building, and exercised his discretion to permit inquiry of whether defendant had been convicted of a felony in 1975, while leaving defendant with an option whether to reveal what the prior felony conviction was for. Evidence of defendant's 1975 felony conviction was relevant to the issue of defendant's credibility, and it was neither an abuse of discretion nor clearly erroneous to so rule.

In conclusion, we find there was no abuse of discretion in permitting the prosecution to impeach the defendant by asking him whether he had been, three years previously, convicted of a felony, where defendant was given the option of whether or not to specify the felony.

We hold defendant's other claims of error to be without merit.

Affirmed.

G. R. DENEWETH, J., concurred.

T. M. BURNS, P.J. *(dissenting).* I dissent.

In several recent opinions, this Court has held that the practice of impeaching a defendant with

regard to a prior unspecified felony conviction is
error. I agree. Where the crime forming the basis
of the impeaching testimony is not identified to
the jury, then the probative effect of that impeach-
ing testimony is diminished to such a degree that
as a matter of law the value of the evidence in
assessing the defendant's credibility is far out-
weighed by its prejudicial effect. See, *People v
Vincent,* 94 Mich App 626; 288 NW2d 670 (1980),
*People v Garth,* 93 Mich App 308; 287 NW2d 216
(1979), *People v Jones,* 92 Mich App 100; 284
NW2d 501 (1979).

I repudiate the theory of the majority that a
compromise solution of admitting evidence of a
prior felony without specifying its nature best
serves the interests of justice. Rather, I agree with
the statement of this Court in *Jones, id.* at 113,
that:

"[P]resentation of evidence of an unspecified 'felony'
conviction for purposes of impeaching the defendant's
credibility says nothing of the conduct that is asserted
to bear negatively on the defendant's reliability as a
witness while presenting a very substantial possibility
of jury speculation and consequent prejudicial impact
upon the rights of the accused. The very difficult ques-
tions presented by the use of evidence of prior convic-
tions for impeachment must be decided rather than
compromised * * *."

Indeed, a very persuasive showing by the prose-
cutor must be made in cases such as the instant
one where the impeaching evidence pertains to a
crime that is identical to the one for which the
defendant presently is standing trial. That is, the
more similar the prior crime is to the one for
which the defendant is on trial, the more the
chance that its admission will result in prejudice
to the defendant and, thus, the greater the reason

for its exclusion. If the impeaching testimony cannot meet the criteria for admission under the traditional test for all such impeaching evidence,[1] either because it pertains to a prior crime that is too similar to the present one or for some other reason, that testimony should not be permitted under the tenuous theory that by deleting reference to the identity of the impeaching crime its prejudicial effect will be nullified. Much less can its admission be justified under an argument that it is more unfair for the accuser of a defendant to have his or her testimony matched against the credibility of the defendant without jury knowledge that the defendant previously has been convicted of a felony than it is for the defendant to run the risk of possible prejudice in being convicted by a jury merely because of a prior conviction. Further reliance on this novel argument will effectively eliminate a defendant's right to a fair trial unencumbered by irrelevant consideration of his past life.

The holding as well as the logic of the majority opinion reflects neither the substance nor the spirit of established Michigan law regarding the impeachment of criminal defendants. Rather, it

---

[1] See *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978):

"The factors which the judge must weigh in making his determination include: (1) the nature of the prior offense (did it involve an offense which directly bears on credibility, such as perjury?), (2) whether it is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that the danger that the jury will consider the defendant a "bad man" or infer that because he was previously convicted he likely committed this crime, and therefore create prejudice which outweighs the probative value on the issue of credibility?), and (3) the effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions (are there alternative means of presenting a defense which would not require the defendant's testimony, *i.e.,* can his side of the story be presented, or are there alternative, less prejudicial means of impeaching the defendant?)."

unwisely expands the likelihood of prejudice to a criminal defendant in return for evidence that has only minimal probative value on the question of a defendant's credibility. I would reverse.