PEOPLE v RODGERS

Docket No. 58652. Submitted August 4, 1982, at Detroit.—Decided
  September 23, 1982. Leave to appeal applied for.

Alfred Rodgers was charged with breaking and entering a busi-
  ness place with intent to commit a larceny. Prior to trial,
  defendant moved to suppress evidence of his prior convictions
  for breaking and entering. The Recorder's Court of Detroit,
  Clarence Laster, Jr., J., ordered that the references to prior
  convictions for breaking and entering would be suppressed but
  that the prosecutor would be able to impeach defendant with
  those prior convictions without specifying the nature of the
  felony which gave rise to the conviction. Defendant thereafter
  waived his right to a trial by jury. Following a bench trial,
  defendant was found guilty as charged. Defendant appeals.
  *Held:*

  1. It was error for the trial court to order that the prosecutor
  could impeach defendant's testimony by use of evidence of the
  defendant's prior felony convictions for breaking and entering
  by means of not specifying the felonies which gave rise to the
  convictions.

  2. The improper ruling of the trial court impermissibly
  chilled the defendant's right to a jury trial and coerced the
  defendant to waive his right to a jury trial. The coerced waiver
  of the fundamental right to a jury trial cannot be said to be
  harmless error.

  Reversed and remanded for a new trial.

1. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVIC-
    TIONS — UNSPECIFIED FELONY.

  It is improper to permit impeachment of a criminal defendant's
    credibility by allowing the admission of evidence of his prior
    conviction of an unspecified felony, since proof of an unspecified
    felony prevents the jury from making any rational evaluation
    of the defendant's past conduct on his credibility.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur 2d, Evidence §§ 321, 327, 333.
[2] 5 Am Jur 2d, Appeal and Error §§ 797, 801.
  21A Am Jur 2d, Criminal Law § 894 *et seq.*

2. CRIMINAL LAW — CHILLING OF RIGHT TO JURY TRIAL.

The waiver of the right to a jury trial by a criminal defendant following an improper ruling by the trial court permitting the prosecution to impeach the defendant by use of evidence of defendant's prior unspecified felonies is presumed to be a product of the improper ruling; such a chilling of the defendant's right to a trial by jury mandates retrial and cannot be said to be harmless error.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Edward Reilly Wilson*, Deputy Chief, Civil and Appeals, and *Nancy R. Alberts*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Nora J. Pasman*), for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and WAHLS and M. E. CLEMENTS,* JJ.

PER CURIAM. The defendant was charged with breaking and entering a business place with intent to commit larceny, MCL 750.110; MSA 28.305, on July 23, 1980. Following a bench trial held December 2 and 3, 1980, the trial court found defendant guilty as charged. On December 11, 1980, the trial court sentenced defendant to two to ten years imprisonment.

On the date assigned for commencement of defendant's jury trial, defense counsel moved to suppress evidence of defendant's prior convictions. The defendant had been convicted of several breaking and enterings between 1974 and 1978. Defendant said he would not take the witness stand if the trial court denied the motion. The trial judge granted defendant's motion to suppress.

* Circuit judge, sitting on the Court of Appeals by assignment.

The prosecutor then argued that the trial court might alternatively allow the prosecutor to impeach defendant with evidence of his prior convictions without naming the nature of the felony offenses. The prosecutor cited *People v Huff,* 101 Mich App 232; 300 NW2d 525 (1980), to support this argument. The trial judge amended his order stating that if the defendant took the witness stand the prosecutor could ask the defendant whether or not he had ever been convicted of a felony within the past ten years without specifying the felony. Defense counsel did not object to this ruling. Soon after this ruling, defendant waived his right to a jury trial without stating a reason for the waiver.

Defendant argues in this appeal that the trial court's ruling permitting impeachment with evidence of unspecified prior convictions was erroneous and rendered his subsequent waiver of a jury trial invalid. We hold that admitting evidence of prior convictions for impeachment purposes without specifying the nature of the offenses does not cure the prejudice.

"Proof of an unspecified 'felony' conviction invites a jury to speculate on the nature of the crime and perhaps to assume that it was a breaking and entering, a kidnapping or an assault with a dangerous weapon, each of which was charged against the defendant in this case. At the very least, proof of the unspecified 'felony' conviction prevents rational evaluation of the impact of the defendant's past conduct on his credibility and therefore cannot serve the sole purpose for which it was to be presented; at the most, it informs the jury that a 'felon' is on trial for yet another felony." *People v Jones,* 92 Mich App 100, 112; 284 NW2d 501 (1979).

Accord, *People v Graves,* 98 Mich App 112, 116-117; 296 NW2d 4 (1979), *People v Dixon,* 99 Mich

App 847, 849; 298 NW2d 647 (1980), *lv den* 410
Mich 881 (1981), *People v Kramer,* 108 Mich App
240; 310 NW2d 347 (1981). *Contra, People v Huff,*
*supra,* pp 248-252.

The Supreme Court adopted this Court's rejec-
tion of admission of evidence of unspecified felo-
nies for impeachment purposes by its order in
*People v Van Dorsten,* 409 Mich 942; 298 NW2d
421 (1980). The nature, rather than the fact, of a
prior felony conviction is useful to the factfinder in
evaluating credibility. *Id.* Thus, the trial court
erred by ruling that, should defendant testify, the
prosecutor could impeach defendant with evidence
of his prior felony convictions without specifying
the nature of those felonies.

The prosecution argues that the trial court's
ruling constituted harmless error since defendant
ultimately waived his right to a jury trial. As the
prosecution points out, the trial judge was fully
aware of the precise nature of defendant's prior
felony convictions and can be presumed to have
ignored them or considered them only in a proper
manner. However, this contention fails to consider
the possibility that the trial court's ruling coerced
defendant's jury waiver. The courts will not per-
mit a procedure which needlessly chills the exer-
cise of a constitutional right. *E.g., United States v*
*Jackson,* 390 US 570; 88 S Ct 1209; 20 L Ed 2d 138
(1968). The crucial issue in this case is whether the
trial court's decision chilled the exercise of defen-
dant's right to a trial by jury.

While it is impossible to tell conclusively
whether or not defendant would have otherwise
waived his right to a jury,[1] our examination of the

---

[1] In this regard we are in the same position as the late Will Rogers,
who only knew "just what he read in the papers". All we know is just
what we read in the trial transcript and ancillary lower court records.

trial transcript convinces us that the waiver of that right was coerced by the court's decision. Although defense counsel did not state so explicitly, every indication is that the waiver was the direct product of the adverse ruling. Defendant asked for a jury trial. Prior to trial, counsel made a motion to suppress evidence of defendant's prior convictions, which was granted. Defendant did not waive his right to a jury trial at that point in the proceedings. Thereafter, the trial court agreed with the prosecutor's contention that evidence of the prior convictions could be placed before the jury for impeachment purposes as unnamed felonies. Defense counsel then conferred with defendant off the record, after which the jury waiver was tendered to the court. From this course of events we can only conclude that defendant waived the right to a jury trial because of the trial court's erroneous ruling, preferring a bench trial to the risk of prejudice from having evidence of the unnamed felonies placed before a panel of jurors.

We believe the interests of justice demand that defendant be given a new trial. We cannot accept the prosecution's argument that the case against defendant was so strong so as to have made the error harmless. The right to trial by jury is among the most fundamental rights provided by our judicial system. The coerced waiver of that right is one we view as so offensive to the maintenance of a sound judicial system that it may not be regarded as harmless. See *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709 (1972).

Reversed and remanded for new trial.